[Civ. No. 4560. Second Appellate District, Division Two.—June 7, 1927.]

## LOS ANGELES GAS & ELECTRIC CORPORATION, Respondent, v. ALEXANDER ETIENNE, Appellant.

[1] Condemnation of Land—Damages—Burden of Proof.—In an action for the condemnation of land, the burden of proof is on the defendant to establish damages.

[2] Id.—Value—Special Affection of Owner for Property—Improper Element of Damages — Evidence. — In such an action, where it is shown that the property sought to be condemned has a market value, testimony of the property owner's special affection for his property is properly excluded as an element in measuring damages.

[3] Id.—Damages—Sale of Other Lands in Vicinity—Experts.— In such action, where the trial court accepted the highest figure of plaintiff's expert witnesses as the measure of damages for the property condemned, the court's statement that such experts alone testified to familiarity with actual sales in the vicinity did not show that the court based the measure of damages solely on the sale of other lands, but is to be construed as consideration by the court on the experts' knowledge of other sales for the purpose of testing their knowledge as to the reasonable market value of the land.

[4] Id.—Evidence—Experts—Knowledge.—In such action, knowledge of experts concerning sales of other lands in the vicinity is admissible to test their knowledge and dependability of their opinion as to the reasonable market value of the property in dispute.

(1) 20 C. J., p. 982, n. 43.   (2) 20 C. J., p. 986, n. 73.   (3) 20 C. J., p. 1041, n. 27.   (4) 22 C. J., p. 525, n. 97.

APPEAL from a judgment of the Superior Court of Los Angeles County. Percy S. King, Judge Presiding. Affirmed.

The facts are stated in the opinion of the court.

Frank C. Prescott for Appellant.

---

3. Admissibility of price paid other than condemnor for similar property as evidence of value, notes, Ann. Cas. 1913D, 581; Ann. Cas. 1916E, 598. See, also, 10 R. C. L. 221.

4. See 10 Cal. Jur. 363; 10 R. C. L. 219.

S. W. Guthrie, Paul Overton and Samuel Poorman, Jr., for Respondent.

CRAIG, Acting P. J.—The respondent was plaintiff in a condemnation proceeding by which it was sought to take a certain lot with two houses thereon belonging to the appellant. A trial was had at which three witnesses testified on behalf of the respondent, and a like number on behalf of appellant. The court accepted the opinions of the former set of witnesses and rendered judgment that the property be condemned and that the price of $5,670 be paid to the defendant and appellant herein. This appeal is taken from that judgment.

[1] Complaint is made of the rule in this state which places the burden of proof on the defendant to establish damages in an action of this character. However, appellant's counsel recognizes that such is the law, and we concur with him in that view.

[2] It is urged that the court should have received in evidence testimony which was offered, but denied admission, to prove the special affection for the premises which the owner entertained because of past associations and other considerations, such as that it held hallowed souvenirs of his deceased wife. Authorities are cited to the effect that where property has no market value the measure of damages is its value to the owner. This rule is inapplicable here, because all of the witnesses testified that the property had a market value. We are cited to no authorities, and are aware of none, holding that the testimony offered would afford a proper element in measuring damages in a condemnation suit.

[3] Finally, it is said that the trial judge excluded every consideration except one in deciding the case, and that the one consideration relied upon by him is not a proper basis for measuring damages in this character of actions. In announcing its decision the trial court stated, in part, as follows: "The three witnesses for the plaintiff testified that they were familiar with the actual sales made within the past year or two. . . . Defendant's witnesses testified that they were not familiar with any sale at all within that length of time. . . . I don't see any other figure to use. . . . It will be the judgment of the court that the

property be condemned at the price of $5670, the highest figure fixed by the plaintiff's experts will be allowed for it."

From this it is argued that the court based its decision alone upon the testimony of the plaintiff's witnesses as to sales, and that the value of land being condemned cannot be determined by proof of what other land of similar locality in the district has brought upon a sale. The rule announced in *Reclamation District* v. *Inglin,* 31 Cal. App. 495 [160 Pac. 1098], is that while the prices at which other sales of land in the same district were made cannot be used to fix the value of land in dispute, it is proper to ask questions on cross-examination concerning such sales and the prices paid "for the purpose of testing the witness' knowledge and impeaching his opinion." The object of testing the witness' knowledge is obviously to ascertain the dependability of his testimony on direct examination, and of his opinion as to the reasonable market value of the property in dispute. In the instant case the court no doubt had in mind at the time of rendering its decision all of the testimony which had been submitted and which was proper for consideration in determining the damages to be assessed for appellant's property. Apparently, exercising its proper prerogative as a trial court in the weighing of testimony, it had resolved the matter down to a balancing and comparison of testimony of the expert witnesses. [4] Under the authority above cited and numerous decisions referred to therein, it was entirely within the rule to consider the knowledge displayed by these experts concerning sales of other lands in that vicinity "for the purpose of testing the witnesses' knowledge." We think that, construing, as we must, all intendments in favor of upholding the decision of the trial court, no different construction can be placed upon its quoted statement than this, and that so construed, no error was committed nor did any prejudice result to appellant's legal rights.

The judgment is affirmed.

Thompson, J., and Murphey, J., *pro tem.,* concurred.

A petition by appellant to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on August 4, 1927.